UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JEFFERY SCOTT DYER II, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-229-JD-APR |
| CHANTEL SPOHR, et al., | |
| Defendants. | |

OPINION AND ORDER

Jeffery Scott Dyer II, a prisoner without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 5.) As required by 28 U.S.C. § 1915A, the court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Dyer is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Dyer is a pretrial detainee at the Allen County Jail. He was previously incarcerated at the jail between December 2022 to June 2023 and claims he was denied proper medical care during that period. Specifically, he claims that he has a bladder condition that requires him to use catheters on a daily basis. He further claims that

during January and April 2023, he was not given enough clean catheters, requiring him to reuse them on occasion, which ultimately led to an infection. In April 2023, he was given antibiotics for the infection, but he claims he still had problems with the catheters until he was released from the jail in June 2023. Based on these events, he sues 10 jail officers and medical staff members for money damages.

Because Dyer is a pretrial detainee, his rights arise under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To assert a Fourteenth Amendment violation based on the denial of medical care, a detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's]s medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty., Illinois*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). It is not enough for the plaintiff to allege negligence or even "gross negligence." *Miranda*, 900 F.3d at 353-54.

Before turning to Dyer's claim, the court must consider the threshold issue of timeliness. Suits filed under 42 U.S.C. § 1983 borrow the statute of limitations for state personal injury claims, which in Indiana is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). "For § 1983 purposes, a claim accrues when the plaintiff knows or

2

should know that his or her constitutional rights have been violated." *Logan v. Wilkins*, 644 F.3d 577, 581–82 (7th Cir. 2011).

Dyer tendered his original complaint to prison officials for mailing on May 2, 2025.[1] (ECF 1 at 5.) It can be discerned from Dyer's pleading that he was aware of his injury and the cause of it when he was denied clean catheters between January and April 2023, resulting in him suffering an infection. Yet he did not timely assert his claim within two years and instead waited until May 2025 to file suit.

The court has considered whether the claim could be saved under the continuing violation doctrine, but concludes that it cannot. *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). The Seventh Circuit has observed that this doctrine is often misapplied. *Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008). As the Circuit explained:

> Suppose that year after year, for ten years, your employer pays you less than the minimum wage. That is a continuing violation. But it does not entitle you to wait until year 15 (assuming for the sake of illustration that the statute of limitations is five years) and then sue not only for wages you should have received in year 10 but also for the wages you should have received in years 1 through 9. The statute of limitations begins to run upon injury . . . and is not tolled by subsequent injuries. . . The office of the misnamed doctrine is to allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought. . . . It is thus a doctrine not about a continuing, but cumulative, violation.

*Id*.

---

[1] The court will presume for purposes of this opinion that Dyer's amended complaint "relates back" to the original, as the claims pertain to the same series of events. *See* Fed. R. Civ. P. 15(c).

3

In other words, the doctrine did not permit Dyer to wait more than two years after his claim accrued to file suit, because he had a complete cause of action during the limitations period. *See Lymon v. United Auto Workers Union, Loc. 2209*, No. 24-1584, 2024 WL 4784912, at *3 (7th Cir. Nov. 14, 2024). Untimeliness is an affirmative defense, but dismissal at the pleading stage is permissible when it is clear from the face of the complaint that the claims are untimely. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*, 559 F.3d 671, 674 (7th Cir. 2009). That standard is satisfied here. Claims pertaining to events that occurred prior to May 2, 2023, must be dismissed as untimely.

Dyer's pleading further alleges that he was denied clean catheters between May 2, 2023, and when he left the jail on June 23, 2023. This aspect of his claim would be timely. Furthermore, giving Dyer the inferences to which he is entitled at this stage, he has alleged an objectively serious medical need in that he had a diagnosed bladder condition requiring him to use catheters on a daily basis.

However, to hold the defendants liable for damages, he must allege that they were personally involved in these events and acted in a manner that could be characterized as objectively unreasonable. *Gonzalez*, 40 F.4th at 828. Dyer mentions only two of the defendants by name in the narrative section of his amended complaint: Intake Officer Penny Lake and Lieutenant Tommy Wacasey, who were present when he arrived at the jail on December 5, 2022. He claims he told both of them about his need for catheters. Their involvement appears to be outside the limitations period, and furthermore, the court cannot plausibly infer that they acted in an objectively unreasonable manner, because there is no indication they were involved in any of the

4

later events wherein Dyer was denied clean catheters. These individuals can only be held liable for their own actions, not for the "misdeeds" of other prison staff. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

As for the other defendants, Dyer does not mention them by name in the narrative section or explain what each of them did, or failed to do, with respect to his medical care. Instead he makes general allegations about "nursing staff" and "Allen County staff." Allegations about groups of people, collectively, do not suffice to state a plausible claim against the named defendants personally. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (allegations that referred to "defendants" collectively without connecting specific defendants to specific acts were insufficient under federal pleading standards); *see also Henderson v. Wall*, No. 20-1455, 2021 WL 5102915, at *1 (7th Cir. Nov. 3, 2021) ("[B]y making allegations about large, indeterminate groups of defendants, [the plaintiff] deprived them all of proper notice of what they were accused of doing.").

Therefore, the amended complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Dyer has already amended his complaint once, but in the interest of justice he will be given an additional opportunity to amend, if he believes he can state a plausible constitutional

claim based on these events consistent with the allegations he has already made under penalty of perjury.[2]

For these reasons, the court:

(1) GRANTS the plaintiff until **July 9, 2025**, to file an amended complaint; and

(2) CAUTIONS him that if he does not file an amended complaint by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A without further notice.

SO ORDERED on June 9, 2025            /s/JON E. DEGUILIO
                                                                         JUDGE
                                                                         UNITED STATES DISTRICT COURT

---

[2] The court notes that Dyer recently filed a document in which he appears to state that he is currently experiencing a medical problem at the jail. (ECF 6.) His amended complaint, which was filed in late May 2025, makes no mention of any ongoing medical problem and instead focuses entirely on the events of 2023. If Dyer is having an ongoing medical problem, he may address that in his amended complaint.